# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RUBY MILLER,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:11-cv-512
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's applications for disability insurance benefits (DIB) and supplemental security income (SSI). This matter is before the Court on plaintiff's Statement of Errors (Doc. 8) and the Commissioner's response in opposition. (Doc. 9).

## I. Procedural Background

Plaintiff filed applications for DIB and SSI in March 2004, alleging disability since September 30, 2002, due to hypertension and diabetes mellitus. Plaintiff's applications were ultimately denied by Administrative Law Judge (ALJ) Sarah J. Miller, whose decision became the Commissioner's final decision upon the Appeals Council's denial of review. Plaintiff subsequently sought judicial review of that decision. District Judge Barrett, adopting in part the Report and Recommendation of Magistrate Judge Black, reversed ALJ Miller's decision. *See Miller v. Comm'r of Soc. Sec.*, No. 1:07-cv-759, 2008 WL 4445189 (S.D. Ohio Sept. 29, 2008) ("*Miller I*"). Judge Barrett determined that the ALJ improperly weighed the medical evidence of record and wrongly discounted plaintiff's credibility; the case was remanded to the Commissioner for further administrative proceedings consistent with the District Court's opinion. *Id.* at *2-5.

On remand, plaintiff, through counsel, appeared at a second hearing before ALJ Miller at which plaintiff, a non-examining medical advisor (Dr. Boyce), and a vocational expert testified. On July 27, 2009, the ALJ issued a decision finding that plaintiff was not disabled. Plaintiff's request for review by the Appeals Council was denied, making the decision of the ALJ the final administrative decision of the Commissioner.

## II. Medical Evidence

The pertinent medical findings and opinions have been adequately summarized by plaintiff in her Statement of Errors (Doc. 8 at 2-8) and will not be repeated here.[1] Where applicable, the Court shall identify the evidence relevant to its decision.

## III. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A) (DIB), 1382c(a)(3)(A) (SSI). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

---

[1] The Commissioner did not include a recitation of this evidence in his brief in opposition, noting that plaintiff's Statement of Errors and the ALJ's decision adequately recounted the evidence of record. (Doc. 9 at 2).

2

> 2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing §§ 404.1520(a) (4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

**B. The Administrative Law Judge's Findings**

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

> 1. The [plaintiff] meets the insured status requirements for disability insurance benefits on her alleged onset date of September 30, 2002, and continues to meet them through June 30, 2008.

3

> 2. There is no evidence that the [plaintiff] has engaged in any substantial gainful activity since her alleged onset date (20 C.F.R. 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The [plaintiff] has the following severe impairments: diabetes, hypertension, and coronary artery disease (20 C.F.R. 404.1520(c) and 416.920(c)).
>
> 4. The [plaintiff] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1525, 404.1526, 416.925 and 416.926).
>
> 5. Careful consideration of the entire record shows that the [plaintiff] has the residual functional capacity to perform a range of light work . . . .
>
> 6. The [plaintiff] is capable of performing past relevant work as a fast food worker and cleaner/housekeeper. This work does not require the performance of work-related activities precluded by the [plaintiff's] residual functional capacity (20 C.F.R. 404.1565 and 416.965).
>
> 7. The [plaintiff] has not been under a disability, as defined in the Social Security Act, from September 30, 2002 through the date of this decision (20 C.F.R. 404.1520(f) and 416.920(f)).

(Tr. 308-15).

### C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a

4

preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746). *See also Wilson*, 378 F.3d at 545–46 (reversal required even though ALJ' s decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

### D. Specific Errors

On appeal, plaintiff asserts one assignment of error. Plaintiff contends that the ALJ erred in formulating plaintiff's RFC by failing to account for limitations provided by the consultative examiner, Ali G. Arani, M.D. Specifically, plaintiff asserts that the ALJ improperly failed to credit Dr. Arani's finding that plaintiff could not lift more than fifteen pounds, despite the lack of any contradictory evidence of record and this Court's previous directive to consider this evidence on remand. Plaintiff argues that, in light of the VE's testimony that this limitation would preclude her from work, she is entitled to a reversal of the ALJ's decision and an award of benefits. For the following reasons, plaintiff's arguments are well-taken.

In weighing the various medical opinions of record, an ALJ must consider factors such as the length, nature and extent of the treatment relationship; the frequency of examination; the medical specialty of the physician; how well-supported by evidence the opinions are; and how consistent an opinion is with the record as a whole. 20 C.F.R. §§ 416.927(c)(2)-(6), 416.1527(c)(2)-(6); *Ealy v. Comm'r*, 594 F.3d 504, 514 (6th Cir. 2010). When evaluating medical opinions, an ALJ must generally accord greater weight to the opinions of a treating physician than to those of a physician who examined a claimant only once. *Walters v. Comm'r*, 127 F.3d 525, 530-31 (6th Cir. 1997). The opinion of a non-treating but examining source is generally entitled to more weight than the opinion of a source who has not examined the claimant. *Ealy*, 594 F.3d at 514 (citing 20 C.F.R. § 404.1527(c)(1); *Smith v. Comm'r*, 482 F.3d 873, 875 (6th Cir. 2007)). The weight to be accorded the opinion of a non-examining source depends on the degree to which the source provides supporting explanations for his opinion and the degree to which his opinion considers all of the pertinent evidence in the record, including the opinions of treating and other examining sources. 20 C.F.R. §§ 416.927(c)(3), 416.1527(c)(3).

In *Miller I*, this Court determined, *inter alia*, that ALJ Miller erred in weighing the opinion of the consultative examiner, Dr. Arani. 2008 WL 4445189, at *2-5. Dr. Arani examined plaintiff on July 14, 2004, and opined that plaintiff was limited to lifting no more than 10 to 15 pounds due to her back problems. (Tr. 171, 174). The ALJ gave only "some weight" to Dr. Arani's assessment and rejected his lifting restriction, stating the limitation "was based solely on the [plaintiff's] allegations rather than objective findings." (Tr. 19). The *Miller I* Court

disagreed and determined that contrary to the ALJ's finding, Dr. Arani's lifting restriction was in fact based on his clinical examination findings and not on plaintiff's subjective reports. *See Miller*, 2008 WL 4445189, at *2. The Court specifically noted that "Dr. Arani distinguished between those limitations which were based upon [p]laintiff's subjective complaints, and his actual findings: '*She claims that* she cannot walk more than one-third of a mile or climb more than one flight of stairs due to shortness of breath and chest discomfort. *She cannot lift* objects heavier than ten-to-fifteen pounds due to her back problems.'" *Id.* (emphasis in original) (citing Tr. 172). As Dr. Arani was careful to differentiate between plaintiff's "claims" and his own medical findings, the *Miller I* Court determined that the ALJ erred by rejecting Dr. Arani's lifting restrictions in assessing plaintiff's RFC. Because the weight afforded Dr. Arani's assessment and the RFC finding were based on the ALJ's erroneous finding that Dr. Arani's lifting restriction was premised on plaintiff's subjective statements, the Court reversed and remanded the case for further administrative proceedings consistent with its Order. 2008 WL 4445189, at *5.

Following the remand, ALJ Miller issued a second decision that suffers from the same mistaken interpretation of Dr. Arani's assessment as the first decision. In discussing Dr. Arani's assessment, the ALJ once again mistakenly asserts that the lifting limitation is based on plaintiff's subjective reports to the consultative physician. The ALJ's decision states that Dr. Arani "reported that the *claimant told him that she could not lift more than 10 to 15 pounds*. . . . However, he did not endorse any of these subjective limitations." (Tr. 313) (emphasis added). This is the same misconstruction of the evidence that ALJ Miller made in the first decision. In

7

addition, the ALJ reiterates the erroneous finding when she states that "Dr. Boyce [the non-examining medical advisor] stated that there is no medical evidence of record to support *the claimant's statements to Dr. Arani* that she could lift and carry only 10 to 15 pounds." (Tr. 313-14) (emphasis added). The ALJ then assesses plaintiff's RFC based on these erroneous findings and concludes that plaintiff was capable of performing medium work prior to February 2008 and light work thereafter.[2] (Tr. 314).

The ALJ's decision reflects a complete disregard for the *Miller I* Court's instructions for analyzing plaintiff's RFC on remand. Despite this Court's clear direction to re-weigh Dr. Arani's opinion on remand in consideration of its finding that Dr. Arani's lifting restriction was based not on plaintiff's subjective complaints, but rather on his examination findings, the ALJ ignored this instruction by finding that Dr. Arani "reported that the [plaintiff] *told him* that she could not lift more than 10 to 15 pounds." (Tr. 313). Further, the ALJ's decision demonstrates a callous disregard for the Court's decision, inasmuch as the ALJ criticized this Court's understanding of her findings in *Miller I. See Id.* ("Contrary to the assumption of the District Court, the [plaintiff]'s part-time work activity is mentioned as part of a discussion on her ability to perform various activities of daily living, not as proof of an ability to perform full time work.").[3] Such criticism is inconsistent with the purpose of, and policies behind, judicial review. Because the ALJ's decision directly contradicts this Court's findings in *Miller I* and is

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Medium work requires lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. SSR 83-10.

[3] The ALJ found that plaintiff was capable of substantial gainful activity based, in part, on plaintiff's part-time work providing childcare (for approximately 7.5 hours a week). The *Miller I* Court determined that this finding was not supported by substantial evidence. *Miller*, 2008 WL 4445189, at * 4.

8

inconsistent with the directive to re-weigh the medical opinion evidence in accordance with *Miller I*, the ALJ's RFC decision is not supported by substantial evidence and should be reversed.

**IV. This matter should be reversed and remanded for an award of benefits.**

When the non-disability determination is not supported by substantial evidence, the Court must decide whether to reverse and remand the matter for rehearing or to reverse and order benefits granted. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan,* 501 U.S. 89, 100 (1991).

Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of H.H.S.,* 17 F.3d 171, 176 (6th Cir. 1994). *See also Abbott v. Sullivan,* 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of H.H.S.,* 820 F.2d 777, 782 (6th Cir. 1987). The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Faucher,* 17 F.3d at 176; *see also Felisky,* 35 F.3d at 1041; *Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985). Such is the case here and remand would serve no purpose other than delay.

Plaintiff is 67 years of age and her disability claim has now been pending for over eight years. The instant record is fully developed and Dr. Arani's opinion that plaintiff is limited to lifting 10 to 15 pounds is consistent with the record evidence. Despite the Commissioner's

9

repeated concessions that the ALJ erred in evaluating the evidence from Dr. Arani, *see* Doc. 9 at 2, 7, 8, the undersigned is not swayed by his attempt to portray this error as harmless.[4] Based on Dr. Arani's supported limitation that plaintiff is unable to lift more than 10 to 15 pounds and the VE's testimony that such a limitation would preclude plaintiff's past relevant work, plaintiff would be unable to sustain substantial gainful employment as she would be limited to sedentary work and found disabled under the Commissioner's Medical Vocational Guidelines. *See* 20 C.F.R. pt. 404, subpt. P, app.2, Rules 201.01, 201.02.[5] Thus, the ALJ's failure to properly account for Dr. Arani's lifting limitation in formulating plaintiff's RFC is not harmless error. Given the long delay in the disposition of plaintiff's disability claim as a result of the ALJ's refusal to comply with the Court remand order in *Miller I* and the strong evidence of disability, reversal, and not remand, is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."). Accordingly, the undersigned recommends that the ALJ's decision be reversed and remanded for an award of benefits.

---

[4] Notably, the Commissioner, citing to the medical advisor's testimony, argues that Dr. Arani's lifting limitation was not supported or contradicted by any evidence of record but then contradicts himself by claiming that the limitation is supported by only one clinical finding and contradicted by substantial record evidence. *See* Doc. 9 at 8 (citing Tr. 478-79).

[5] According to the VE, plaintiff's past relevant work as a fast food worker and housekeeper was unskilled and as a home health attendant was semi-skilled with no transferrable skills below the medium level of exertion. (Tr. 481).

### IT IS THEREFORE RECOMMENDED THAT:

The decision of the Commissioner be **REVERSED** pursuant to Sentence Four of 42 U.S.C. § 405(g) consistent with this opinion and remanded for an award of benefits.

Date: 8/30/12

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RUBY MILLER,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:11-cv-512
Barrett, J.
Litkovitz, M.J.

**NOTICE REGARDING OBJECTION TO REPORT AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).