**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RUBY MILLER,                                              CASE NO.: 1:11-cv-512

             Plaintiff,                                  Barrett, J.
                                                         Litkovitz, M.J.

    v.

MICHAEL J. ASTRUE,
COMMISIONER OF SOCIAL SECURITY,

             Defendant.


**<u>OPINION AND ORDER</u>**

This matter is before the Court on the Magistrate Judge's Report and Recommendation recommending that the decision of the Commissioner be reversed pursuant Sentence Four of 42 U.S.C. § 405(g) and remanded for an award of benefits. (Doc. 11).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). The Commissioner filed timely objections to the Report and Recommendation. (Doc. 12). In his objections, the Commissioner "reaffirms his prior arguments and contends that the ALJ's decision should be affirmed" and also argues that "if the Court finds that the ALJ's decision must be reversed, then the appropriate remedy is to remand this matter to the agency for additional proceedings." (Doc. 12 at 1).

This matter is now ripe for review.

**I.      <u>BACKGROUND</u>**

The procedural background and the pertinent facts have been adequately summarized in the prior filings in this case (*see* Doc. 8; Doc. 11), and thus, will not be

repeated here.  Where necessary in addressing the objections, the Court will identify the background or evidence that is relevant to its decision.

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.; see also* 28 U.S.C. § 636(b)(1).

General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate's report has the same effect as would a failure to object."  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Only specific objections are entitled to *de novo* review under the Magistrate's Act, 28 U.S.C. § 636.  *Fairfield v. Wacha*, No. 1:07-cv-948, 2008 U.S. Dist. LEXIS 15119, at *4-5 (W.D. Mich. Feb. 28, 2008) (citing *Ferguson v. Comm'r of Soc. Sec. Admin.,* No. 1:07-cv-247, 2008 U.S. Dist. LEXIS 5965 (W.D. Mich. Jan. 28, 2008); *Westbrook v. O'Brien*, No. 1:07-cv-937, 2008 U.S. Dist. LEXIS 5965 (W.D. Mich. Nov. 15, 2007); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)).

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.  The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509. Each objection to the magistrate's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Id.* Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge. *Id.* at 508-09; *see also Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997), *cert. denied*, 522 U.S. 1030, 118 S. Ct. 631, 139 L. Ed. 610 (1997).

## III.   **FIRST OBJECTION**

The Court construes the first objection to be the Commissioner's statement that he "reaffirms his prior arguments and contends that the ALJ's decision should be affirmed." (Doc. 12, p. 1). As stated above, generally incorporating by reference a prior unsuccessful briefing is not a sufficient objection and is treated as an unavailing general objection. *Howard*, 932 F.2d at 509. Accordingly, that particular objection should be overruled.

Nevertheless, even if the Court were to construe this argument as directed towards the Magistrate Judge's opinion that the ALJ's decision was not supported by substantial evidence and were to consider the arguments made by the Commissioner in its response in opposition to the Statement of Specific Errors (Doc. 9), which already have been comprehensively addressed by the Magistrate Judge, the Court still would overrule the objection and affirm and adopt the Magistrate Judge's opinion that the ALJ's determination was not supported by substantial evidence.

As the Magistrate Judge correctly stated, an ALJ who is weighing various medical opinions of record must consider factors such as the length, nature and extent of the treatment relationship; the frequency of examination; the medical specialty of the physician; how well-supported by the evidence the opinions are; and how consistent an opinion is with the record as a whole. 20 C.F.R. §§ 416.927(c)(2)-(6), 404.1527(c)(2)-(6); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010). Generally, an ALJ must accord weight to a source's opinion as follows: (a) the opinion of a treating physician receives greater weight than the opinion of physician who examined a claimant only once, (b) the opinion of a non-treating but examining physician receives greater weight than the opinion of a physician who has not examined the claimant, and (c) the opinion of a non-examining source is to be determined from the degree to which the source provides supporting explanations and considers all of the pertinent information in the record, including the opinions of treating and other examining physicians. 20 C.F.R. §§ 416.927(c)(2)-(6), 404.1527(c)(2)-(6); *Ealy*, 594 F.3d at 514; *Smith v. Comm'r*, 482 F.3d 873, 875 (6th Cir. 2007); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530-31 (6th Cir. 1997).

In *Miller I*, this Court determined that the ALJ erred in weighing the opinion of the consultative examiner, Dr. Arani. *Miller v. Comm'r of Soc. Sec.*, No. 1:07-cv-75036, 2008 U.S. Dist. LEXIS 75036, at *5-9 (S.D. Ohio Sept. 29, 2008); *see also* (Tr. 317-25). This Court therefore reversed and remanded the case for further administrative proceedings where the ALJ was to re-weigh Dr. Arani's opinion in light of the Court's finding that Dr. Arani's lifting restriction of 10 to 15 pounds was based on his

4

examination findings rather than on Plaintiff's subjective complaints.  *Miller*, 2008 U.S. Dist. LEXIS 75036, at *5-9, *14.

In issuing her second decision after remand, the ALJ completely disregarded the Court's opinion and instructions in *Miller I*.  She instead found that Dr. Arani "reported that the [plaintiff] *told him* that she could not lift more than 10 to 15 pounds" but that Dr. Arani "did not endorse any of these subjective limitations."  (Tr. 313).  By disregarding this Court's prior opinion, the ALJ again erred by failing to give Dr. Arani's findings the proper consideration and proper weight.  Instead, the ALJ continued to consider the lifting restriction as being based on a subjective complaint and disregarded that lifting restriction in favor of the finding of a non-examining medical advisor, Dr. Boyce.  (Tr. 313-14).  However, Dr. Boyce's opinion as explained by the Commissioner (Tr. 313) is likewise incomplete, as Dr. Boyce testified that there is no medical record of evidence to support *or* contradict Dr. Arani's lifting restriction (Tr. 477-78).  Moreover, as the Commissioner has stated, there indeed is other evidence that supports the lifting restriction. (Doc. 9, p. 8) (citing Tr. 478-79) (stating that the lifting restriction is supported by only one clinical finding).

For the foregoing reasons and the reasons set forth in the Report and Recommendation, the Court finds that the Magistrate Judge's conclusion that the ALJ's decision was not supported by substantial evidence and should be reversed is correct. That conclusion is therefore adopted by the Court.

## IV.   SECOND OBJECTION

The second objection is in regards to the Magistrate Judge's conclusion that the matter should be reversed and remanded for an award of benefits.  The Commissioner

contends that remand for an award of benefits is not appropriate because the proof of disability is not overwhelming.

As the Magistrate Judge correctly noted, benefits generally may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec' of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994). The Court may award benefits where proof of disability is strong and opposing evidence is lacking in substance so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bown,* 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, the Commissioner objects only on the bases that the evidence is not overwhelming and not all factual issues are resolved. He makes no objection in regards to awarding benefits because proof of disability is strong and opposing evidence is lacking in substance.

The Commissioner contends that not all factual issues are resolved because the Magistrate Judge had to weigh the evidence. However, having to weigh evidence is different from factual issues being unresolved. The standard for determining whether remand is appropriate indeed requires the Court to weigh the evidence to some extent to determine either if the evidence is strong and opposing evidence is lacking or if the evidence is overwhelming. Weighing the evidence therefore does not create an unresolved factual issue and the Commissioner points to no specific factual issues that actually remain unresolved.

As to the evidence being overwhelming, the Court finds a remand for immediate benefits still may be appropriate if it is found that proof of disability is strong and opposing evidence is lacking in substance.  As the Magistrate Judge correctly found, the disability claim has been pending for 8 years, and the instant record is fully developed.  Dr. Arani's opinion that plaintiff is limited to lifting 10 to 15 pounds is consistent with record evidence and should have been, but was not, given the weight of a finding by Dr. Arani.  Considering that finding and the Vocational Expert's testimony that such a lifting restriction would preclude plaintiff's past relevant work (Tr. 481), Plaintiff would be unable to sustain substantial gainful employment as she would be limited to sedentary work and found disabled under the Commissioner's Medical Vocational Guidelines.  *See* 20 C.F.R. pt. 404, subpt. P, app. 2, Rules 201.01, 201.02. Moreover, when Dr. Arani's finding is credited and considered together with the "one clinical finding" supporting it, Dr. Boyce's statement that no medical evidence supports the lifting restriction is undermined.  Thus, the ALJ's failure to properly account for Dr. Arani's lifting restriction was not harmless.

For those reasons and the reasons set forth in the Magistrate Judge's Report and Recommendation (*see* Doc. 11, pp. 9-10), the Court agrees with the Magistrate Judge that reversal and remand for an award of benefits is appropriate and therefore adopts that conclusion of the Report and Recommendation.  *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, the Commissioner's objections (Doc. 12) are **OVERRULED** and the Report and Recommendation (Doc. 11) is **ADOPTED** in its

entirety.    Accordingly, the decision of the Commissioner is **REVERSED** pursuant to Sentence Four of 42 U.S.C. § 405(g) consistent with this opinion and the Report and Recommendation, and **REMANDED** for an award of benefits.

**IT IS SO ORDERED.**

s/ Michael R. Barrett
Michael R. Barrett, Judge
United States District Court